*293 The opinion of the Court was delivered by
O’Neall, J.
The practice now sought to be subverted in this case is as well settled as any in this State, and has been uniformly pursued since Fulmore and Gamble vs. Cockfield, 2 Bail. 446, decided June, 1831. If twenty-four years cannot settle a matter of Summary Process practice, I confess I do not know what will. The practice is supposed to be at war with the Act of 1769, which created the summary jurisdiction and which authorized the examination of the party on oath.— It provides “ in which suit the plaintiff shall have the benefit of all matters, in the same manner as if the suit was commenced in the ordinary forms of Law or Equity.”
The 34th rule of Court simply directs, if the plaintiff “ shall desire to have the benefit of the defendant’s oath, he shall," &c. The words of the rule certainly are broad enough to give the plaintiff the right to examine the defendant, touching any matter legally involved in the process; yet, as was decided in Solly vs. Thurston, Rice, 282, he could not have such discovery until a plea which bars both discovery and relief was ' decided.
The 34th rule framed under the Act of 1769, supposes, as in Equity, a party may have a discovery ancillary to his legal remedy, when he alleges he has no other means of proving his demand. Hence when he desires the benefit of the defendant’s oath, and examines him by interrogatories, he stands as a, complainant in Equity; having sought and obtained, or failed to get, a discovery, the defendant’s statement cannot be controverted. I know the rule once was, that to entitle a party to a discovery, it must appear that the party had no legal common law evidence in his power. In the case of Wallace & Wilbourn vs. Norvell, 1 Bail. 125, it was ruled, that inasmuch as a witness had been introduced proving the very fact to which the defendant desired to examine the plaintiffs, the discovery could not and would not be required. That decision was, I doubt not, right, but for a different reason. The party *294 bad given evidence of the fact, and therefore be could not, after relying on bis common law right and means, resort to Equity.
In that case, Walker vs. Mathaney, Harp. 187, was not alluded to : it was probably overlooked. It allowed the defendant to be examined, touching the execution of a note to which a mark was made, and also'whether an account was just. That was followed by Roche and Chaplin, 1 Bail. 419, which recognized Walker vs. Mathaney, and allowed the examination under interrogatories as to an account contracted by the defendant’s ward with a tailor, and the defendant’s promise to pay it.
In 1831, in the case of Fulmare and Gamble, 2 Bail. 446, in just such a case as this, where the presiding Judge had decreed pro confesso upon a legal demand, and of which, for anything which appeared, there might have been common law evidence, in consequence of the defendant’s failure to answer interrogatories, and his decision was sought on that ground to be set aside, the Court speaking by myself said: “The presiding Judge was correct in decreeing for the plaintiff upon the defendant’s failure to answer the interrogatories. This is the settled practice in the Summary Process jurisdiction ; Walker vs. Mathaney, Harp. 187, another rule in this respect has never been changed.” The case of Wallace and Wilbourn vs. Worvell was not then reported, and the more recent case of Roche vs. Chaplin had conformed to Walker vs. Mathaney.— As I have already said the practice since 1831, has conformed to the rule thus settled.
The motion to reverse the decision below is granted.
Wardlaw, WhitNer, Glover and MüNro, JJ., concurred.
Withers, J. Eor the sake of an established rule I concur.

Motion granted.